IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRACIE D.,**

       **Plaintiff,**

                                    Civil Action 2:21-cv-5726
    **v.**                               **Judge Sarah D. Morrison**
                                    **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## **REPORT AND RECOMMENDATION**

Plaintiff, Tracie D., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of Medicare Qualified Government Employee Benefits ("MQGE") and supplemental security income ("SSI"). This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendant's Motion to Dismiss Untimely Complaint, or Alternatively, Motion for Summary Judgment. (ECF No. 6.) Plaintiff filed a memorandum in opposition to the Commissioner's motion (ECF No. 7) and the Commissioner filed a reply (ECF No. 8). For the reasons that follow, it is **RECOMMENDED** that the Court **GRANT** Defendant's Motion based upon Plaintiff's failure to timely file her Complaint.

**I.**

The Commissioner contends that Plaintiff's Complaint should be dismissed as time-barred pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, the Commissioner argues

that, in the event the Court determines the motion must be converted to a summary judgment motion under Rule 56, he is entitled to judgment as a matter of law.

In support, the Commissioner has submitted the Declaration of Rosanna Mapp, Chief of Court Case Preparation and Review, Branch 3 of the Office of Appellate Operations, Social Security Administration.  (Mapp Decl., ECF No. 6–1.)   Mapp avers the following.  The Administrative Law Judge's ("ALJ") decision denying plaintiff's claim for benefits under Titles II and XVI was issued on July 1, 2020.  (*Id.* at ¶ 3(a); Ex. 1.)  Plaintiff's request for review by the Appeals Council was denied by Notice dated September 29, 2021.  (*Id.* at ¶ 3(b); Ex. 2.)  The Notice advised Plaintiff that a civil action must be filed within sixty days after the date she received it. (*Id.* at Ex. 2.)  Plaintiff also was advised that she could request an extension of time to file suit. (*Id.*); *see also* 20 C.F.R. § 404.982.  The Commissioner does not have any record of Plaintiff's having requested such an extension nor does Plaintiff allege here that she did so.  (Mapp Dec. ¶ 3(a), ECF No. 6-1; Compl., ECF Nos. 1 and 4.)

As confirmed by the Court's docket, Plaintiff filed her Motion for Leave to Proceed *in forma pauperis* in this action on December 11, 2021, eight days after the deadline.  (ECF No. 1.)  In her Complaint, attached as an Exhibit to that motion and subsequently filed, Plaintiff alleged neither her timeliness nor the existence of good cause for her untimely filing.  (ECF No. 4.)

## II.  STANDARD OF REVIEW

Because the undersigned relies on documents not attached to or referred to in the Complaint, the undersigned analyzes the Commissioner's Motion under the summary judgment

standard.  *See* Fed. R. Civ. P. 12(d) ("If ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56").  Plaintiff had reasonable notice and an opportunity to present material in opposition to the Commissioner's motion but has chosen not to do so.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

Once the moving party meets its initial burden, the nonmovant must "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, ... there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond

with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III.  DISCUSSION

Under the facts as presented by the Commissioner, Plaintiff concedes, correctly, that her Complaint was untimely. Section 405(g) of the Social Security Act provides that "any individual . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C.§ 405(g). The implementing regulations consistently provide, "[a]ny civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). A claimant is presumed to have received the notice of the Appeals Council's denial of request for review five days after the date of the notice, unless the claimant can make a reasonable showing otherwise. *Id*. Applying these rules here, Plaintiff is presumed to have received the September 29, 2021 letter by October 4, 2021. Thus, Plaintiff was required to file her Complaint on or before December 3, 2021, in order to comply with the limitations period of § 405(g). Admittedly, Plaintiff did not file it until December 11, 2021.

Plaintiff explains, however, that "the error in filing … was an inadvertent mistake, due to a calendaring inconsistency." (ECF No. 7 at 1.) Although Plaintiff argues in terms of excusable neglect, her argument suggests that equitable tolling should save her Complaint. To be sure, it is well-established that the traditional principles of equitable tolling apply to 42 U.S.C. § 405(g).

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007). In *Cook*, the Court considered the following factors in deciding whether to toll a statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing his or her rights; (4) lack of prejudice to the defendant; and (5) whether the plaintiff's ignorance was reasonable. *Id.* at 437 (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). But, these five factors are not exclusive, and the decision of whether a plaintiff is entitled to equitable tolling "should be made on a case-by-case-basis." *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007) (citing *Armini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001)).

Plaintiff bears the burden of demonstrating that exceptional circumstances warrant equitable tolling. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). "This is a high hurdle to clear, as 'federal courts sparingly bestow equitable tolling.'" *Id.* (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)). Additionally, "[t]ypically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 560–61. Finally, "the actions of a privately retained attorney are imputed to the client." *Kellum*, 295 F. App'x at 50 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993)).

Plaintiff has not met her burden here. Her failure to timely file her Complaint in this case is indistinguishable from the plaintiff's failure in *Cook*. Specifically, Plaintiff's counsel does not dispute that she received the Appeals Council's notice informing her of the 60-day filing

5

deadline. Plaintiff never requested an extension of time despite the Notice's explanation of the option to do so.  Further, neither Plaintiff nor her counsel offer any justification for why she could not have filed well within the 60-day filing period. Moreover, although Plaintiff's Complaint was filed only eight days late, *Cook* makes clear that any delay in filing may prejudice the Commissioner.

In light of Plaintiff's failure to satisfy any equitable tolling factors, her argument that the Commissioner would suffer no prejudice if the case were permitted to proceed is of no consequence. Lack of prejudice only becomes a prominent factor in the equitable tolling analysis after the movant establishes other factors in favor of tolling. *Kellum*, 295 F. App'x at 49–50 ("'Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures.'") (quoting *Baldwin Cnty Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)). Moreover, even though "allowing [Plaintiff] to file [her] complaint ... late likely would create little prejudice to the Commissioner in this particular case," courts must remain "mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437.  For these reasons, the undersigned finds this appeal untimely filed.

## IV. CONCLUSION

For these reasons, it is **RECOMMENDED** that the Court **GRANT** the Commissioner of Social Security's Motion to Dismiss Plaintiff's Untimely Complaint, or Alternatively, Motion for Summary Judgment (ECF No. 6) and **DISMISS** Plaintiff's Complaint as untimely.

## V.  PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report an\d Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and forfeiture of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:   April 11, 2022                                     /s/ *Elizabeth A. Preston Deavers*
                                                                             Elizabeth A. Preston Deavers
                                                                             United States Magistrate Judge